## PENNSYLVANIA R. CO. v. SCHAFER.

(Circuit Court of Appeals, Sixth Circuit.  June 5, 1923.)

No. 3811.

1. **Appeal and error** ⊙⟞⟞1051(3)—**Admission of Incompetent evidence of an admitted fact harmless error.**

Admission of a statement by plaintiff as part of the res gestæ, even if incompetent, is without prejudice, where the fact stated was admitted by defendant.

2. **Evidence** ⊙⟞⟞155(8)—**By plaintiff held admissible, because of evidence introduced by defendant.**

Where defendant introduced a plat showing the location of lights at the place of injury at about the time of trial, it cannot object to the admission of testimony in rebuttal as to the condition of the lights at the time the plat was made, though it was not shown that they were the same at the time of the accident.

3. **Master and servant** ⊙⟞⟞243(10)—**Rules requiring railroad employees to examine equipment must be reasonably construed.**

A rule of a railroad company requiring employees to examine and know for themselves that all cars, engines, and all their parts, which they are required to use, are in good condition, can only hold employé to ordinary care in that respect, and cannot be reasonably construed to require a yard brakeman engaged in switching cars at night to know at his peril that all brakes or other attachments are in safe condition.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action at law by Henry A. Schafer against the Pennsylvania Railroad Company.  Judgment for plaintiff, and defendant brings error. Affirmed.

U. C. De Ford, of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for plaintiff in error.

Fred J. Heim, of Youngstown, Ohio, for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge.  Henry A. Schafer brought an action in the District Court to recover damages from the Pennsylvania Railroad Company for personal injuries sustained by him while in the employ of that company as a brakeman.  The petition alleged in substance that defendant was guilty of negligence causing plaintiff's injuries in requiring plaintiff to use a defective brake wheel which would have been discovered by a proper inspection, and in causing its train, upon which he was riding as a brakeman, to be so violently jerked forward as to throw him therefrom.  The defenses were a general denial and assumption of risk.  The Federal Employers' Liability Act (Comp. St. §§ 8657–8665) is not involved.  The jury returned a verdict for the plaintiff.  A motion for a new trial was overruled, and judgment entered upon the verdict.

The accident resulting in the injuries to plaintiff occurred shortly after midnight on the 21st day of December, 1921, in the city of Youngstown, Ohio.  Schafer at that time was acting as a rear brake-

man of a yard crew in charge of Charles Schotts, conductor. This crew was engaged in moving ten cars attached to an engine, on the scale track of the Brown-Bonnell plant of the Republic Iron & Steel Company. Two of these cars were required to be detached from the train. The evidence tends to prove that Schafer, in the performance of his duty as brakeman, parted these two cars from the train and then gave the engineer a signal to back toward the east with the remaining eight cars; that after the engineer had started the train in motion, Schafer boarded the rear end of the last car of the eight cars still attached to the engine and was passing from the south side to the north side along the end sill, for the purpose of alighting on the north side to throw a switch some distance east of the South avenue bridge; that, as he passed along the end sill, he took hold of the brake wheel at the rear end of the rear car; that there was a sudden lurch or jerk of the train; that the rim of the brake wheel to which he was holding broke, and by reason thereof he was thrown from the car and fell upon his back across the north rail of the scale track, from which fall he sustained serious injuries.

[1] It is claimed upon the part of the plaintiff in error that the court erred in permitting a witness to testify that, when he discovered the plaintiff lying across the north rail of the track in an injured condition, the plaintiff said, "The brake broke with him." From the evidence in this record it is clear that this witness must have discovered the plaintiff in an injured condition almost immediately after the accident occurred; but, regardless of whether this statement was properly admitted as part of the res gestæ, it could not possibly be prejudicial. There is no conflict in the evidence in reference to the cause of the accident. On the contrary, it is stated in the brief of counsel for plaintiff in error that the accident was caused by the breaking of the rim and one spoke of the brake wheel when the plaintiff was holding to it while he was standing upon the end sill of the car.

[2] It is also insisted that the court erred in admitting evidence as to the lights along the scale house track just before the trial and six months after the accident occurred, for the reason there was no evidence offered tending to show that the light conditions were substantially the same on both dates; that, on the contrary, there was evidence tending to prove that the plant was operating at about 50 per cent. of its capacity when the accident occurred, and was not operating at the time the witness inspected the yards.

There is some evidence in this record tending to show that the part of the factory near the point where this accident occurred was not working at the time of the accident. However that may be, the defendant offered in evidence a map or plan of the factory yards, showing the location of lights, which map was prepared for the defendant, about the time of the trial, by a witness who testified that he knew nothing of the lighting conditions on the night of the injury. Unless the lighting conditions were the same at the time of the trial as they were at the time of the injury, this plan should not have been offered or admitted in evidence. The defendant, having offered the plan or map in evidence, cannot now be heard to say it was incompetent for any rea-

son. It follows that the testimony of the witness, called by the plaintiff in rebuttal, in reference to the condition and location of the lights at substantially the same time defendant's plan was prepared, was properly admitted, even though there had been no evidence offered tending to prove that the lighting conditions were the same at the time of the trial as they were at the time of the injury.

The third and fourth assignments of error are directed to the overruling of the motion for a directed verdict at the close of all the evidence and to the refusal of the court to charge the jury, in substance, the effect of the violation of the rules of the company by the plaintiff himself.

[3] The defendant introduced in evidence a rule of the defendant railroad company of which the following is a copy:

"Employés must examine and know for themselves that grabirons, brake shafts and attachments, running boards, steps, and all other parts of cars and engines which they are to use and all mechanical appliances, tools, supplies, and facilities of which they must make use in performing their duties, are in proper condition; if not, they must put them so or report them to the proper persons and have them put in order to use."

This is a reasonable rule, if it is given reasonable application to the facts of each particular case; but, if it is to be applied to every situation that might arise in the operation of a train, it must necessarily be disregarded. It would be absurd to say that this rule requires, or is intended by the company to require, every brakeman and every employé engaged in train service to refuse to perform the duties of his employment until he can make a personal examination of each car in the train and ascertain the exact condition of each car and its appliances. To do this would require the train to be stopped until every person employed in its operation could make an inspection of every car in the train. Such a procedure would be wholly destructive of railroad service. On the other hand, an employé cannot be permitted to close his eyes to obvious defects, and it is his duty, under this rule, to exercise ordinary care, commensurate with his opportunities, to discover and report defects.

Negligence is never presumed. The presumption obtains that the plaintiff did exercise due care in this respect, in so far as he had opportunity to make such inspection. The burden was upon the defendant to prove the contrary by a preponderance of the evidence, not necessarily by direct evidence, but at least by proof of facts and circumstances from which the failure of plaintiff to make such inspection might reasonably be inferred. The conductor of this yard crew, who was still in the employ of the company at the time of the trial, testified upon cross-examination that "it was a clear night, but a dark night; in there under that bridge it is about as dark a place as we have got around." He further testified that the plaintiff "wouldn't have time to inspect the car, because we only dragged the cars about two cars and a half before the accident happened." The defendant offered no evidence tending to contradict this testimony of its conductor and witness, further than the location of artificial lights, which may or may not have been of any service whatever to the plaintiff at the time the accident occurred. However that may be, there is no evidence in this

record that would authorize a jury in finding that this plaintiff had sufficient light, time, and opportunity to inspect this brake wheel and determine for himself whether it was in a safe condition before he placed himself upon this car and attempted to cross over to the north side for the purpose of performing other duties required of him in the course of his employment.

For the reasons stated, the judgment of the District Court is affirmed.